EMARD DANOFF PORT TAMULSKI & PAETZOLD LLP
Eric Danoff (State Bar #60915)
Katharine Essick (State Bar #219426)
49 Stevenson Street, Suite 400
San Francisco, CA 94105
Telephone: (415) 227-9455
Facsimile: (415) 227-4255
E-Mail: edanoff@edptlaw.com
kessick@edptlaw.com

Attorneys for Defendant
Union Shipholding S.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOROTHY BLAKENEY, individually and as successor-in-interest to Delmont Blakeney; DEBORAH BLAKENEY; DELMONT BLAKENEY, JR.; DENISE BLAKENEY; DOMINIC BLAKENEY; and LAJEANNE DOUCET,<br><br>Plaintiffs,<br><br>vs.<br><br>UNION SHIPHOLDING S.A. and DOES 1-25,<br><br>Defendants. | Case No.: C 09-05340 JCS<br><br>**ANSWER BY DEFENDANT UNION SHIPHOLDING S.A. TO COMPLAINT FOR DAMAGES (WRONGFUL DEATH)** |

Defendant Union Shipholding S.A. ("Union Shipholding") responds upon information and belief to Plaintiffs' Complaint for Damages (Wrongful Death) filed in California state court on October 20, 2009, in correspondingly numbered paragraphs. Union Shipholding removed the action to this Court on November 12, 2009.

**ANSWERING THE INITIAL ALLEGATIONS**

1. Union Shipholding admits and alleges that each Plaintiff was and still is a resident of the State of California. Union Shipholding is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them.

2. Union Shipholding is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

3. Union Shipholding admits and alleges that it was and is bareboat charterer (owner *pro hac vice*) and operator of the vessel NYK STARLIGHT and that decedent Delmont Blakeney was working on the vessel as a longshoreman at the time of his fatal accident, but denies the remainder of these allegations.

4. Union Shipholding is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

5. The allegations of Paragraph 5 of the Complaint do not require a response from Union Shipholding, but to the extent a response is required, Union Shipholding denies the allegations.

6. The allegations of Paragraph 6 of the Complaint do not require a response from Union Shipholding, but to the extent a response is required, Union Shipholding denies the allegations.

7. Union Shipholding denies these allegations.

**ANSWERING THE FACTUAL ALLEGATIONS**

8. Union Shipholding admits and alleges that on about August 23, 2008, Delmont Blakeney was working on the container ship NYK STARLIGHT, which was moored at a berth at Oakland, California, when he was fatally injured. Union Shipholding denies the remainder of these allegations.

**ANSWERING THE FIRST CAUSE OF ACTION**

**(Wrongful Death – C.C.P. §377.11 et seq.)**

9. Union Shipholding incorporates by reference its responses to Paragraphs 1 through 8.

10. Union Shipholding denies these allegations.

11. Union Shipholding denies these allegations.

12. Union Shipholding denies these allegations.

//

EMARD DANOFF PORT TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

**ANSWERING THE ALLEGATIONS OF DAMAGES**

13. Union Shipholding denies these allegations.

**UNION SHIPHOLDING'S AFFIRMATIVE DEFENSES**

Union Shipholding alleges the following affirmative defenses to Plaintiff's Complaint for Damages.

**FIRST AFFIRMATIVE DEFENSE**

1. Plaintiff's Complaint does not state facts sufficient to constitute any cause of action against Union Shipholding.

**SECOND AFFIRMATIVE DEFENSE**

2. The federal Longshore & Harbor Workers Compensation Act ("LHWCA"), 33 U.S.C. §901 *et seq*., provides Plaintiffs' exclusive remedies and bars all causes of action except as provided under that Act.

**THIRD AFFIRMATIVE DEFENSE**

3. Decedent's injuries and death were caused or contributed to by his own negligence or other faults and/or the negligence or other faults of individuals or entities for whose conduct Union Shipholding is not liable.

**FOURTH AFFIRMATIVE DEFENSE**

4. Plaintiffs' alleged injuries and damages were caused or contributed to by the negligence or other faults of individuals or entities for whose conduct Union Shipholding is not liable.

**FIFTH AFFIRMATIVE DEFENSE**

5. Plaintiffs' alleged damages were aggravated by their failure to use reasonable diligence to mitigate them.

**SIXTH AFFIRMATIVE DEFENSE**

6. Plaintiffs' Complaint and each of its causes of action are barred by the applicable statute of limitations and by the doctrines of laches, waiver, and estoppel.

//

//

EMARD DANOFF PORT TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

**SEVENTH AFFIRMATIVE DEFENSE**

7. Punitive damages are not available to Plaintiffs under any of the causes of action alleged against Union Shipholding.

**EIGHTH AFFIRMATIVE DEFENSE**

8. Damages for loss of consortium, society, comfort, guidance, and/or security are not available to one or more Plaintiffs under any of the causes of action alleged against Union Shipholding.

**NINTH AFFIRMATIVE DEFENSE**

9. One or more Plaintiffs is not the real party in interest or proper party plaintiff for this action.

WHEREFORE defendant Union Shipholding prays that Plaintiffs take nothing by their Complaint, for costs of suit and fees, and for such other relief as the Court may deem proper.

DATED: November 16, 2009 EMARD DANOFF PORT TAMULSKI & PAETZOLD LLP
Eric Danoff
Katharine Essick

By s/Katharine Essick
Katharine Essick
Attorneys for Defendant UNION SHIPHOLDING S.A.

EMARD DANOFF PORT
TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105